UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JOSEPH SIAS(#371351)

VERSUS                                             CIVIL ACTION

JAMES LEBLANC, ET AL                               NUMBER 11-31-BAJ-SCR


**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 13, 2012.

                                  STEPHEN C. RIEDLINGER
                                  UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH SIAS(#371351)

VERSUS                                              CIVIL ACTION

JAMES LEBLANC, ET AL                                NUMBER 11-31-BAJ-SCR

MAGISTRATE JUDGE'S REPORT

Before the court are the Motion for Summary Judgment filed by the defendants and the Plaintiff's Motion for Summary Judgment. Record document numbers 21 and 25, respectively. Plaintiff opposed the defendants' Motion for Summary Judgment.[1]

**I. Background**

Pro se plaintiff, an inmate at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James M. LeBlanc, Warden Steve Rader and Connie Kennedy. Plaintiff alleged that his parole eligibility and work release dates were miscalculated in violation of his due process rights.

Plaintiff moved for summary judgment relying on a statement of undisputed facts, his affidavit, copies of excerpts from his master prison record, the results of Administrative Remedy Procedure (ARP) DCI-10-612 and a copy of his sentencing transcript.

---

[1] Record document number 27.

Defendants moved for summary judgment relying on a statement of undisputed facts, the affidavit of Rhonda Weldon, the results of the plaintiff's ARP and a copies of Louisiana Act Nos. 45 and 649.

## II. Applicable Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a), Fed.R.Civ.P. If the moving party meets the initial burden of showing that there is no genuine dispute of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); Fed.R.Civ.P. 56(c); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc). The nonmoving party "cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Freeman v. Texas Dep't of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004). The trial court may not weigh the evidence or make credibility determinations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513 (1986).

### B. Failure to Exhaust Administrative Remedies

Defendants moved for summary judgment on ground that the plaintiff failed to exhaust available administrative remedies

regarding his claim that his work release date was miscalculated.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the

administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003). A court can dismiss a case prior to service on the defendants for failure to state a claim, predicated on failure to exhaust administrative remedies, if the complaint itself makes clear that the prisoner failed to exhaust. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

In Part II.C. of his complaint the plaintiff identified DCI-2010-612 as the ARP in which he exhausted the claims raised in the complaint.[2]

A review of ARP DCI-2010-612 showed that the plaintiff complained only about the miscalculation of his parole eligibility date.[3]

In his opposition to the defendants' motion for summary judgment, the plaintiff argued for the first time that he filed an ARP regarding the miscalculation of his work release on November 2, 2010.[4] Plaintiff argued that on December 3, 2010, his ARP, given number DCI-2010-772, was placed on backlog because ARP DCI-2010-612

---

[2] Record document number 1, Complaint, p. 3.

[3] Record document number 5-1, p. 8.

[4] Record document number 27, p. 3.

4

was pending in the system.[5]

Plaintiff argued that after ARP DCI-2010-612 was denied at the second step on December 6, 2010, ARP DCI-2010-772 should have been processed. Plaintiff argued that because ARP DCI-2010-772 was not processed immediately, he was entitled to proceed in this court without exhausting administrative remedies.

Plaintiff's argument is without merit. In accordance with the Adult Administrative Remedy Procedures, an inmate commences the process by writing a letter to the warden in which he briefly sets out the basis for his claim and the relief sought. La. Admin. Code tit. 22, pt. I § 325(G)(1)(a). The request shall be screened by the ARP screening officer and a notice will be sent to the inmate advising that his request is being processed or is rejected. *Id*. The warden shall respond to the inmate within 40 days from the date the request is received at the first step. *Id*. An inmate who is dissatisfied with the first step response may appeal to the secretary of the Department of Public Safety and Corrections by so indicating in the appropriate space on the response form and forwarding it to the ARP screening officer within 5 days of receipt of the decision. *Id*. at § 325(G)(2)(a). A final decision will be made by the secretary and the inmate will be notified within 45 days of receipt. *Id*.

The procedure provides that the process shall not exceed 90

---

[5] *Id*. at 5.

days from the initiation to completion unless an extension has been granted. *Id*. at § 325(G)(4)(a). Absent an extension of the time limits, expiration of response time limits entitles an inmate to move on to the next step in the process. *Id*.

Even assuming ARP DCI-2010-772 would have been processed immediately after ARP DCI-2010-612 was denied on December 2, 2010, it could not have been completed through the two-step procedure by the time the plaintiff filed suit on January 19, 2011.

The summary judgment evidence supports a finding that the plaintiff failed to exhaust available administrative remedies regarding his claim that his work release date was miscalculated prior to filing suit, as required by 42 U.S.C. § 1997e(a).

**C. Miscalculation of Parole Eligibility Date**

Plaintiff alleged that Act No. 45 of the 2006 Regular Session and Act No. 649 of the 2010 Regular Session, as applied to him, should move his parole eligibility date to some time in 2010. Specifically, the plaintiff alleged that as a result of the legislative changes, his minimum parole eligibility date should have been administratively changed to 15 years, the current minimum parole eligibility date under LSA-R.S. 40:967.[6]

In 1996, the plaintiff was convicted of possession of 400 grams cocaine in violation of LSA-R.S. 40:967(F) and was sentenced to a 40 year term of imprisonment at hard labor and without benefit

---

[6] Record document number 1, Complaint, p. 6.

of probation or parole prior to serving the minimum sentence of 30 years, as provided under subsection F.[7]

In 2001, the Louisiana legislature passed legislation providing for more lenient penalty provisions of certain enumerated crimes, including LSA-R.S. 40:967(F).[8] Act No. 403, effective on June 1, 2001, also enacted LSA-R.S. 15:574.22, establishing the Risk Review Panel within the Louisiana Department of Public Safety and Corrections to "evaluate the risk of danger to society" certain convicted individuals may present if released from confinement. *Weaver v. LeBlanc*, 09-0244, p. 2 (La. App. 1 Cir. 9/14/09), 22 So.3d 1014.

In Act No. 45 of the 2006 Regular Session[9], the legislature enacted LSA-R.S. 15:308, which made the previous sentence reductions in Act No. 403 of 2001 and Act No. 45 of 2002 retroactively applicable to those inmates sentenced prior to 2001. It also required that anyone whose sentence would have been ameliorated by the amended sentences could apply to the Risk Review Panel in accordance with LSA-R.S. 15:574.22. *Id.*

---

[7] Record document number 25-1, p. 13, Exhibit A.

[8] Act No. 403 modified the penalties to provide that any person who knowingly or intentionally possesses 400 grams or more of cocaine be sentenced to serve a term of imprisonment at hard labor not less than 15 years nor more than 30 years. Prior to the amendment, the term of imprisonment was not less than 30 years nor more than 60 years.

[9] Record document number 21-6.

In *State v. Dick*, 06-2223, 06-2226 (La. 1/26/07), 951 So.2d 124, 133, the Louisiana Supreme Court held that the power to reduce punishment from a greater to a lesser sentence belongs to the executive branch alone. Offenders seeking retroactive application of the ameliorative penalty provisions must apply to the Louisiana Risk Review Panel, which is in the executive branch. "In enacting this statute, the legislature is suggesting to the executive branch that it should consider these ameliorative sentencing provisions when reviewing the offenders' applications to the Louisiana Risk Review Panel, the Board of Pardons and/or the Board of Parole." *State v. Dick*, 951 So.2d at 133.[10]

In Act No. 649 of the 2010 Regular Session, the Louisiana legislature amended LSA-R.S. 15:571.3(B)(1). The amendment redesignated existing paragraph (B)(1) as subparagraph (B)(1)(a) and added subparagraph (B)(1)(b). Subsection (B)(1)(b) extended the provisions of subparagraph (a) to persons convicted of offenses on or after January 1, 1992 and who are not serving sentences for certain offenses. Subparagraph (a) allows certain inmates, including the plaintiff, the opportunity to earn diminution of sentence at the rate of 35 days for every 30 days in custody.

---

[10] Plaintiff argued that in 2008, he applied to the Risk Review Panel which recommended that he be interviewed by the Louisiana Pardon Board. Plaintiff asserted that he was granted a hearing before the Pardon Board, which recommended that he be released on parole. However, the governor failed to act on the recommendation. Record document number 25-1, p. 8.

Neither Act No. 45 of the 2006 Regular Session nor Act No. 649 of the 2010 Regular Session pertained to or affected the plaintiff's parole eligibility date. Plaintiff's claim is without merit.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the Plaintiff's Motion for Summary Judgment be denied, the defendants' Motion for Summary Judgment be granted, and this action be dismissed. It is further recommended that the dismissal be with prejudice to the plaintiff filing a new civil action in forma pauperis based on the claim that his work release date was miscalculated.[11]

Baton Rouge, Louisiana, January 13, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[11] *Underwood v. Wilson*, 151 F.3d at 296.